UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
NEVELYN DUMAS, *et al.*,                        :
                                                :    CASE NO. 1:07-cv-03583-JG
        Plaintiffs,                             :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. No. 107]
SBC GLOBAL SERVICES, INC., *et al..*,           :
                                                :
        Defendants.                             :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Would-be Intervenors move this Court to intervene under Federal Rules of Civil Procedure Rule 24. [Doc. 107.] Both Plaintiffs and Defendants opposed this motion. [Doc. 108.] For the reasons set forth below, this Court **DENIES** the Would-be Intervenors' motion.[1]

## I. Background

The main action here involved a claim for wage discrimination. [Doc. 1-2, Ex A.] On July 15, 2008, this Court dismissed the case with prejudice. [Doc. 106.] On August 18, 2008, Would-be Intervenors moved this Court to intervene, for "reconsideration [and] clarification," and to amend the complaint. [Doc. 107.] Consideration of the motions for reconsideration and permissive to amend the complaint is only necessary if this Court grants intervention.

## II. Analysis

---

[1] This Court will consider the motion ripe even though the Would-be Intervenors have not filed a reply. Under Local Rule 7.1(e) requires a party to file a reply within in 10 days for a dispositive motion and seven days for non-dispositive motions. The Parties filed their joint response on September 22, 2008, and, as of October, 17, 2008, the Would-be Intervenors still have not replied.

Case No. 1:07-cv-03583-JG
Gwin, J.

The Would-be Intervenors seek both intervention of right and permissive intervention. This Court will address each in turn.

*II.A. Intervention of Right: the current Would-be Intervenors are not entitled to intervention of right.*

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a third party, upon timely motion, to intervene in an action as "of right" when the would-be intervenor

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2). The Sixth Circuit has "interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

Whether a motion for intervention is timely is within the discretion of the district court. *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000). The Sixth Circuit has identified five factors useful in a district court's evaluation of the timeliness of a motion to intervene:

> 1) the point to which the suit has progressed; 2) the purpose for which the intervention is sought; 3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to

Case No. 1:07-cv-03583-JG
Gwin, J.

> apply promptly for intervention; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Jordan*, 207 F.3d at 862 (citing *Brubbs v. Norris*, 879 F.2d 343, 345 (6th Cir. 1989)).

The timeliness requirement seeks to screen out a motion to intervene when the delay or prejudice caused by the motion is the result of the would-be intervenor's sleeping on its rights. *See Jordan*, 207 F.3d at 862 (finding the motion untimely when the would-be intervenor "was aware of its interest" in the main action and had "numerous opportunities to intervene").

The Defendants removed this case to federal court on November 16, 2007. [Doc. 1-1.] The Would-be Intervenors did not file their motion until August 18, 2008, when the main action was already closed. [Doc. 107.] This delay in filing will prejudice the current parties because the parties have already reached a conclusion on the main action. [Doc.106.] The parties have filed a joint motion asking this court to deny intervention because the main action is already closed. [Doc. 108.]

Even if this motion were timely, the Would-be Intervenors have not identified any legal interest, impairment to that interest, or inadequacy of representation related to that interest. Would-be Intervenors make a conclusory claim that they "have an interest in this case." [Doc. 107.] This conclusory statement will not support a finding that the Would-be Intervenors have an interest here. The Would-be Intervenors do not address the impairment or inadequacy of representation requirements for intervention of right.

Accordingly, this Court **DENIES** the motion for intervention of right.

*II.B. Permissive Intervention*

Under Rule 24(b), a court has discretion to allow intervention upon a timely motion when the would-be intervenor has a "claim or defense that shares with the main action a common question of

Case No. 1:07-cv-03583-JG
Gwin, J.

law or fact." FED. R. CIV. P. 24(b).

The Would-be Intervenors say they have "questions of laws and facts that are common in this action," but do not identify any of these common questions. [Doc. 107.] Additionally, the Would-be Intervenors say they have "information, documents, exhibits related to this case." [Doc. 107.] But the Would-be Intervenors fail to identify what the new information is, or identify how the new information relates to the main action.

Accordingly, this Court, in its discretion, **DENIES** the Would-be Intervenors motion for permissive intervention.

### III. Conclusion

For the reasons state above, this Court **DENIES** the Would-be Intervenors motion to intervene. Because the Would-be Intervenors are not a party to the main action, this Court also **DENIES** their motions for reconsideration and clarification and to amend the complaint.

IT IS SO ORDERED.


Dated: October 20, 2008          s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE